1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and THE GILLETTE COMPANY LLC, a Delaware limited liability company, | No. |
| | **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| Plaintiffs, | |
| v. | |
| DZMITRY KITSENKA, an individual; MARYIA KITSENKA, an individual; an individual or entity doing business as A_2_Z STORE; an individual or entity doing business as KIRMANLLC; an individual or entity doing business as IED STORE LLC; an individual or entity doing business as MARYBY; an individual or entity doing business as MEGASTORBY; an individual or entity doing business as M3 TURBO; an individual or entity doing business as BEST-FBA-STORE; an individual or entity doing business as MARMUR; and DOES 1-10, | |
| Defendants. | |

## I.    INTRODUCTION

1.     This case involves Defendants' unlawful and expressly prohibited sale in the

Amazon.com store (the "Amazon Store") of counterfeit Oral-B replacement toothbrush heads

that infringe the registered trademarks of The Gillette Company LLC ("Gillette"). Amazon.com,

Inc. and Amazon.com Services LLC (collectively, "Amazon") and Gillette (collectively with

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Amazon, "Plaintiffs") jointly bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's and Gillette's customers, reputations, and intellectual property ("IP"), and to hold Defendants accountable for their illegal actions.

2.      Amazon owns and operates the Amazon Store and equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2021 alone, Amazon invested over $900 million and employed more than 12,000 people to protect its stores from fraud and abuse. Amazon stopped over 2.5 million suspected bad actor selling accounts before they published a single listing for sale.

3.      Gillette acquired the Oral-B company and brand in 1984. Gillette's sole member is the Procter & Gamble Company ("P&G"). Gillette supplies its trademarked goods through a distributor, The Procter & Gamble Distributing LLC (the "Distributor"), and Gillette's written agreement with the Distributor specifically grants the Distributor the right to use Gillette's Oral-B trademarks.

4.      Oral-B was first used in commerce in 1949, and became a registered trademark for toothbrushes in the United States in 1951. Oral-B has since become a household name in homes across the country and is synonymous with quality, hygienic safety, reliability, and value. The Distributor has continuously sold electric toothbrush and toothbrush head products bearing the Oral-B trademarks in the United States for many years. This consistent use of the marks has also built substantial goodwill in the Oral-B trademarks. As a result of this use and goodwill, the Oral-B trademarks are famous and valuable assets of Gillette.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 2

5.     Gillette owns, manages, enforces, licenses, and maintains intellectual property, including various trademarks. Relevant to this Complaint, Gillette owns the following registered trademarks ("Oral-B Trademarks").

| **Mark** | **Registration No. (International Classes)** |
|---|---|
| **ORAL-B** | 2,910,847 (21) |
| **Oral-B** | 4,056,470 (3, 5, 10, and 21) |
| **CROSSACTION** | 2,298,879 (21) |
| PRECISION CLEAN | 3,409,807 (21) |

True and correct copies of the registration certificates for the Oral-B Trademarks are attached as **Exhibit A**.

6.     From January 22, 2020, through September 24, 2022, Defendants advertised, marketed, offered, and sold counterfeit Oral-B products in the Amazon Store, using Gillette's registered trademarks, without authorization, to deceive customers about the authenticity and origin of the products and the products' affiliation with Gillette and Oral-B.

7.     As a result of their illegal actions, Defendants have infringed and misused Gillette's IP; breached their contracts with Amazon; willfully deceived and harmed Amazon, Gillette, and their customers; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon and Gillette. Defendants' illegal actions have caused Amazon and Gillette to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, Gillette, and their customers.

## II.    PARTIES

8.      Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware company with its principal place of business in Seattle, Washington.

9.      The Gillette Company LLC, is a limited liability company organized and existing under the laws of Delaware with its principal place of business in the state of Massachusetts.

10.      Defendants are a collection of individuals and entities, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint and who operated, controlled, and/or were responsible for the eight (8) selling accounts in the Amazon Store identified as A_2_Z Store, KirmanLLC, IED Store LLC, MaryBy, MegastoreBy, M3 Turbo, Best-FBA-Store, and MarMur (collectively, "Selling Accounts"). On information and belief, in many cases, Defendants took intentional and affirmative steps to hide their true identities and whereabouts from Amazon and Gillette by using fake names and contact information, and unregistered businesses to conduct their activities. Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

11.      On information and belief, Defendant Dzmitry Kitsenka is an individual who resides in Mill Creek, Washington, and who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. On further information and belief, Defendant Dzmitry Kitsenka controlled at least the IED Store LLC, KirmanLLC, and A_2_Z Store Selling Accounts.

12.      On information and belief, Defendant Maryia Kitsenka is an individual who resides in Mill Creek, Washington, and who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

derived a direct financial benefit from that wrongful conduct. On further information and belief, Defendant Maryia Kitsenka controlled at least the MaryBy and MegastoreBy Selling Accounts.

13.     On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, and sell counterfeit Gillette products. The identities of the Doe Defendants are presently unknown to Plaintiffs.

### III.     JURISDICTION AND VENUE

14.     The Court has subject matter jurisdiction over Amazon and Gillette's Lanham Act claims for 1) trademark infringement; and 2) false designation of origin and false advertising pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of contract claim and Amazon's and Gillette's claims for violation of the Washington Consumer Protection Act pursuant to 28 U.S.C. § 1367.

15.     The Court has personal jurisdiction over all Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Gillette's claims arise from those activities. Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold in the Amazon Store products bearing counterfeit versions of the Oral-B Trademarks and which otherwise infringed Gillette's IP. Additionally, Defendants shipped products bearing counterfeit versions of the Oral-B Trademarks to consumers in Washington. Each of the Defendants committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and Gillette substantial injury in Washington.

16.     Further, Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights and claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington.

18. Venue is also proper in this Court because Defendants consented to it under the BSA.

19. Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.   FACTS

### A.   Amazon's Efforts to Prevent the Sale of Counterfeit Goods

20. Amazon works hard to build and protect the reputation of its stores as a place where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

21. A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

22. Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 6

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to detect and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls.

23.     In 2017, Amazon launched the Amazon Brand Registry, a free service to any rights owner with a government-registered trademark, regardless of the brand's relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for and accurately report potentially infringing products using state-of-the-art image search technology. More than 700,000 brands are enrolled in Brand Registry, and those brands are finding and reporting 99% fewer suspected infringements since joining Brand Registry.

24.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. In 2021, over 23,000 brands were using Transparency, enabling the protection of more than 750 million product units.

25.     In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Amazon's Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. In 2021, there were more than 20,000 brands enrolled in Project Zero. For every listing removed by a brand, Amazon's automated protections removed more than 1,000 listings

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

through scaled technology and machine learning, stopping those listings from appearing in Amazon's stores.

26.     Amazon has robust seller verification processes, deploying industry-leading technology to analyze hundreds of unique data points and robust processes to verify information provided by potential sellers. In 2021, Amazon prevented over 2.5 million attempts to create new selling accounts, stopping bad actors before they published a single product for sale. Amazon is also constantly innovating on these tools and systems. For example, Amazon requires prospective sellers to have one-on-one conversations with one of its team members to verify the seller's identity and documentation, further enhanced through verification of the seller's physical location and payment instruments. Amazon also leverages machine learning models that use hundreds of data points about the prospective account to detect risk, including relations to previously enforced bad actors. These measures have made it more difficult for bad actors to hide.

27.     Once a seller begins selling in Amazon's stores, Amazon continues to monitor the selling account's activities for risks. If Amazon identifies a bad actor, it closes that actor's selling account, withholds funds disbursement, and investigates whether other accounts are involved in unlawful activities.

28.     In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, are integral components of Amazon's efforts to combat counterfeits.

### B.     Gillette and Its Anti-Counterfeiting Efforts

29.     Gillette goes to great lengths to protect consumers from counterfeits of its products, and is committed to leading efforts to combat counterfeit products. Gillette utilizes both internal and external resources to combat counterfeit and infringing products. This includes trained internal staff who consistently monitor around the world for IP infringements and bad actors selling counterfeits. Gillette also works with a third-party brand protection service vendor

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

on the detection and removal of product listings violating Gillette's IP rights, including the Oral-B Trademarks.

30.     Gillette is currently enrolled in Amazon Brand Registry and Project Zero.

**C.     Defendants Created Amazon Selling Accounts and Agreed Not to Sell Counterfeit Goods**

31.     Between January 22, 2020, and April 20, 2022, Defendants established the eight Amazon Selling Accounts detailed in Section D below through which they sought to advertise, market, sell, and distribute counterfeit Gillette products. In connection with these Selling Accounts, Defendants provided names, email addresses, and banking information for each account. On information and belief, Defendants took active steps to mislead Amazon and conceal their true locations and identities by providing false information.

32.     Specifically, Defendants provided names and addresses to Amazon to register their Selling Accounts. Plaintiffs later discovered that the individuals who are associated with the addresses do not match the names that Defendants provided, and that no persons with the names that Defendants provided can be found in the cities and states where the purported addresses are located. Plaintiffs therefore believe that Defendants registered the Selling Accounts using false information. As Plaintiffs continued their investigation, they discovered links between certain of the Selling Accounts and the Kitsenka Defendants; namely, through addresses later used by certain Selling Accounts that were not part of the original (fraudulent) registration, as well as credit card information provided in connection with certain Selling Accounts, as further explained below.

33.     On information and belief, Defendants operated in concert with one another in their counterfeiting activities. The eight Selling Accounts have various common characteristics that make it probable that each of them is operated by Defendants acting in concert, including common secondary physical addresses, shipping addresses, and/or IP addresses affiliated with or used to access Defendants' Amazon Selling Accounts.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 9

34.     To become a third-party seller in the Amazon Store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of [its] obligations and exercise of [its] rights" under the BSA. A true and correct copy of the applicable versions of the BSA, namely, the versions Defendants last agreed to when using Amazon's services, are attached as **Exhibit B**.

35.     Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" in violation of Amazon's policies, reserving the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. B, ¶¶ 2-3. The BSA requires the seller to defend, indemnify and hold harmless Amazon against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

36.     Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfilment centers, and other legal consequences.

*Id.*

37.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store together with the consequences of doing so:

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 10

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o Bootlegs, fakes, or pirated copies of products or content

  o Products that have been illegally replicated, reproduced, or manufactured

  o Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o Remove suspect listings.

  o Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

38.     When they registered as third-party sellers in the Amazon Store, and established their Selling Accounts, Defendants agreed not to advertise, market, offer, sell, or distribute counterfeit products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 11

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

### D.   Test Purchases from Defendants' Selling Accounts and Product Sample Checks from Defendants' Inventory

39.     Defendants advertised, marketed, offered, and sold Gillette Oral-B-branded products in the Amazon Store. Gillette, by and through its parent company, P&G, has conducted multiple test purchases from certain Defendants' Selling Accounts and determined that the products are counterfeit and that each bears unauthorized Gillette registered trademarks. Further, Amazon has provided to P&G multiple products from inventory that Defendants shipped to Amazon warehouses for sale to customers. Gillette, by and through P&G, has determined that those inspected products are likewise counterfeit and that each bears unauthorized Gillette registered trademarks.

### Selling Account # 1 – A_2_Z STORE

40.     The individuals behind the A_2_Z Store Selling Account provided address and credit card information linked to Dzmitry Kitsenka's name and home address.

41.     On August 29, 2022, Amazon provided to P&G a sample of the product sold by the A_2_Z Store Selling Account that was advertised as "Oral-B FlossAction Replacement Toothbrush Head with CleanMaximiser Technology, Pack of 4 Counts." The product supplied by Defendants bore the Oral-B Trademarks and other indications of the brand. P&G has examined the product and determined that it is counterfeit.

### Selling Account # 2 – KIRMANLLC

42.     The individuals behind the KirmanLLC Store Selling Account provided address and credit card information linked to Dzmitry Kitsenka's name and home address.

43.     On August 29, 2022, Amazon provided to P&G a sample of the product sold by the KirmanLLC Selling Account that was advertised as "Oral-B Cross Action Electric Toothbrush Replacement Brush Heads Refill, 4 Count." The product supplied by Defendants bore the Oral-B Trademarks and other indications of the brand. P&G has examined the product and determined that it is counterfeit.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

**Selling Account # 3 – IED STORE LLC**

44.     The individuals behind the IED Store LLC Selling Account provided address and credit card information linked to Dzmitry Kitsenka's name and home address.

45.     On November 30, 2021, P&G conducted a test purchase from the IED Store LLC Selling Account for what was advertised as "Oral-B Cross Action Electric Toothbrush Replacement Brush Heads Refill, 4Count." Defendants shipped to P&G a product that bore the Oral-B Trademarks and other indications of its brand. P&G has examined the product and determined that it is counterfeit.

**Selling Account # 4 – MaryBY**

46.     The individuals behind the MaryBY Selling Account provided address and credit card information linked to Maryia Kitsenka's name and home address.

47.     On January 24, 2022, Amazon provided to P&G one sample of the product offered for sale by the MaryBY Selling Account and advertised as "Oral-B Cross Action Electric Toothbrush Replacement Brush Heads Refill, 4Count," and two samples of the product offered for sale by the MaryBY Selling Account and advertised as "Oral-B Genuine Precision Clean Replacement White Toothbrush Heads, Refills for Electric Toothbrush, Deep and Precise Cleaning, Pack of 4." Both of the products offered for sale by Defendants bore the Oral-B Trademarks and other indications of the brand. P&G has examined the products and determined that they are counterfeit.

**Selling Account # 5 – MegastoreBY**

48.     The individuals behind the MegastoreBY Selling Account provided address and credit card information linked to Maryia Kitsenka's name and home address.

49.     On January 25, 2022, Amazon provided to P&G two samples of the product sold by the MegastoreBY Selling Account that was advertised as "Oral-B Cross Action Electric Toothbrush Replacement Brush Heads Refill, 4Count," and one sample of the product sold by the MegastoreBY Selling Account that was advertised as "Oral-B Cross Action Heads, Pack of

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

4." The product offered for sale by Defendants bore the Oral-B Trademarks and other indications of the brand. P&G has examined the product and determined that it is counterfeit.

### Selling Account # 6 – M3 Turbo

50.     On January 24, 2022, Amazon provided to P&G a sample of the product sold by the M3 Turbo Selling Account Defendant that was advertised as "Oral-B Cross Action Electric Toothbrush Replacement Brush Heads Refill, 4Count." The product offered for sale by Defendants bore the Oral-B Trademarks and other indications of the brand. P&G has examined the product and determined that it is counterfeit.

### Selling Account # 7 – Best-FBA-Store

51.     On January 24, 2022, Amazon provided to P&G a sample of the product sold by the Best-FBA-Store Selling Account Defendant  that was advertised as "Oral-B Cross Action Electric Toothbrush Replacement Brush Heads Refill, 4Count." The product offered for sale by Defendants bore the Oral-B Trademarks and other indications of the brand. P&G has examined the product and determined that it is counterfeit.

### Selling Account # 8 – MarMur

52.     On July 22, 2021, P&G conducted a test purchase from the MarMur Selling Account for what was advertised as "Oral-B Cross Action Electric Toothbrush Replacement Brush Heads Refill, 4Count." Defendants shipped to P&G a product that bore the Oral-B Trademarks and other indications of the brand. P&G has examined the product and determined that it is counterfeit.

### E.     Defendants' Coordinated Sale of Counterfeit Gillette Products

53.     On information and belief, Defendants operated in concert with one another in their counterfeiting activities. The eight Selling Accounts have various common characteristics that make it probable that each of the Selling Accounts are being operated by Defendants acting in concert, including common secondary physical addresses, shipping addresses, and/or IP addresses affiliated with or used to access Defendants' Amazon Selling Accounts. Defendants' association is further demonstrated through several of the Defendants' use of similar deceptive

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

tactics to evade detection. In addition to the falsified names and addresses discussed above, no fewer than five of the Selling Accounts provided Amazon with the same falsified invoices purporting to show that their counterfeit products came from suppliers of authentic products.

**F.    Amazon and Gillette Shut Down Defendants' Accounts**

54.     By selling counterfeit Oral-B products which infringed Gillette's IP rights, Defendants falsely represented to Amazon and its customers that the products sold were genuine products made by Gillette. Defendants also knowingly and willfully used Gillette IP in connection with the advertisement, marketing, distribution, offering for sale, and sale of counterfeit and infringing Gillette products.

55.     At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store. Defendants have deceived Amazon's customers and Amazon, infringed and misused the IP rights of Gillette, harmed the integrity of and customer trust in the Amazon Store, and tarnished Amazon's and Gillette's brands.

56.     Amazon, after receiving notice from P&G, verified Defendants' unlawful sale of counterfeit Gillette products and blocked Defendants' Selling Accounts. In doing so, Amazon exercised its rights under the BSA to protect customers and the reputations of Amazon and Gillette.

## V.    CLAIMS

### FIRST CLAIM
*(by Gillette against all Defendants)*
**Trademark Infringement – 15 U.S.C. § 1114**

57.     Plaintiff Gillette incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

58.     Defendants' activities constitute infringement of the Oral-B Trademarks as described in the paragraphs above.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

59.     Gillette advertises, markets, offers, and sells its products using the Oral-B Trademarks described above and uses those trademarks to distinguish its products from the products and related items of others in the same or related fields.

60.     Because of Gillette's long, continuous, and exclusive use of the Oral-B Trademarks identified in this Complaint, the trademarks have come to mean, and are understood by customers and the public to signify, products from Gillette.

61.     Defendants unlawfully advertised, marketed, offered, and sold products bearing counterfeit versions of the Oral-B Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Specifically, Defendants intended customers to believe, incorrectly, that the products originated from, were affiliated with, and/or were authorized by Gillette, and likely caused such erroneous customer beliefs.

62.     As a result of Defendants' wrongful conduct, Gillette is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, Gillette is entitled to statutory damages under 15 U.S.C. § 1117(c).

63.     Gillette is further entitled to injunctive relief, including an order impounding all infringing products and promotional materials in Defendants' possession. Gillette has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Oral-B Trademarks are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement constitutes harm to Gillette and Gillette's reputation and goodwill such that Gillette could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting harm to Gillette, is likely to be continuing.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

**SECOND CLAIM**
*(by Gillette against all Defendants)*
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

64.     Plaintiff Gillette incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

65.     Gillette owns the Oral-B Trademarks and advertises, markets, offers, and sells its products using the trademarks described above and uses the trademarks to distinguish its products from the products and related items of others in the same or related fields.

66.     Because of Gillette's long, continuous, and exclusive use of the Oral-B Trademarks, they have come to mean, and are understood by customers, end users, and the public, to signify products from Gillette.

67.     Defendants' wrongful conduct includes the infringement of the Oral-B Trademarks in connection with Defendants' commercial advertising or promotion, and offering for sale and sale, of counterfeit Gillette products in interstate commerce.

68.     In advertising, marketing, offering, and selling products bearing counterfeit versions of the Oral-B Trademarks, Defendants have used, and on information and belief continue to use, the trademarks referenced above to compete unfairly with Oral-B and to deceive customers. Upon information and belief, Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, or sold in connection with the Oral-B Trademarks and wrongfully trades upon Gillette's goodwill and business reputation.

69.     Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by Gillette, all in violation of 15 U.S.C. § 1125(a)(1)(A).

70.     Defendants' conduct also constitutes willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

71.     Gillette is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below. Defendants' acts have caused irreparable injury to Gillette. The injury to Gillette is irreparable, and on information and belief, is continuing. An award of monetary damages cannot fully compensate Gillette for its injuries, and Gillette lacks an adequate remedy at law.

72.     Gillette is further entitled to recover Defendants' profits, Gillette's damages for its losses, and Gillette's costs to investigate and remediate Defendants' conduct and bring this action, including its attorneys' fees, in an amount to be determined. Gillette is also entitled to the trebling of any damages award as allowed by law.

## THIRD CLAIM
### *(by Amazon against all Defendants)*
### False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)

73.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

74.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers. Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon Store.

75.     Specifically, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

76.     In advertising, marketing, offering, and selling counterfeit Gillette products in the Amazon Store, Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 18

77.     Defendants' acts also constitute willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

78.     As described above, Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon Store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish seller accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

79.     Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in bringing this lawsuit.

**FOURTH CLAIM**
*(by Gillette and Amazon against all Defendants)*
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

80.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

81.     Defendants' advertising, marketing, offering, distribution, and sale of counterfeit Gillette products constitute an unfair method of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

82.     Defendants' advertising, marketing, offering, distribution, and sale of counterfeit Gillette products harms the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 19

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

83.     Defendants' advertising, marketing, offering, and sale of counterfeit Gillette products directly and proximately causes harm to and tarnishes Plaintiffs' reputations and brands, and damages their business and property interests and rights.

84.     Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover from Defendants their attorneys' fees and costs. Gillette further seeks to recover from Defendants its actual damages, trebled. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

### FIFTH CLAIM
***(Amazon against Individuals and Entities Doing Business as A_2_Z Store; KirmanLLC; and IED Store)***
**Breach of Contract**

85.     Plaintiff Amazon incorporates by reference all the allegations of the preceding paragraphs as though set forth herein.

86.     Defendants established an Amazon Selling Account and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

87.     Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

88.     Defendants' sale and distribution of counterfeit Oral-B products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of Gillette.

89.     Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.      That the Court issue an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, and assigns, and all others in active concert or participation with them, from:

          (i)      selling products in Amazon's stores;

          (ii)     selling products to Amazon or any affiliate;

          (iii)    opening or attempting to open any Amazon selling accounts;

          (iv)    importing, manufacturing, producing, distributing, circulating, offering to sell, selling, advertising, promoting, or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of Gillette's brand or trademarks, or which otherwise infringes Gillette's IP, on any platform or in any medium;

          (v)     assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iv) above;

B.      That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

C.      That the Court enter an order pursuant to 15 U.S.C. § 1116 impounding and permitting destruction of all counterfeit and infringing products bearing the Oral-B Trademarks or that otherwise infringe Gillette IP, and any related materials, including business records and materials used to reproduce any infringing products, in Defendants' possession or under their control;

D.      That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

E.      That Defendants be required to pay all general, special, and actual damages which Gillette has sustained, or will sustain, as a consequence of Defendants' unlawful acts, plus the

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Defendants' profits from the unlawful conduct described herein, together with statutory

damages, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. §

1117, RCW 19.86.020, or otherwise allowed by law, and that Amazon's damages, plus

Defendants' profits, related to Defendants' activities involving the sale of counterfeit products be

enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020 or otherwise

allowed by law;

F. That Defendants be ordered to pay the maximum amount of prejudgment interest

authorized by law;

G. That Defendants be required to pay the costs of this action and Plaintiffs'

reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C.

§ 1117, RCW 19.86.020, or otherwise allowed by law;

H. That the Court enter an order requiring that identified financial institutions

restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting

activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment

in this case; and

I. That the Court grant Plaintiffs such other, further, and additional relief as the

Court deems just and equitable.

//

//

//

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 22

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1    DATED this 4th day of November, 2022.

2                                              DAVIS WRIGHT TREMAINE LLP
                                               *Attorneys for Plaintiffs*
3

4                                              By *s/ Scott R. Commerson*
                                               Scott R. Commerson, WSBA #58085
5                                              865 South Figueroa Street, Suite 2400
                                               Los Angeles, CA 90017-2566
6                                              Tel: (213) 633-6800
                                               Fax: (213) 633-6899
7                                              Email: scottcommerson@dwt.com

8                                              *s/ Lauren Rainwater*
                                               Lauren Rainwater, WSBA #43625
9                                              920 Fifth Avenue, Suite 3300
                                               Seattle, WA  98104-1604
10                                             Tel: (206) 622-3150
                                               Fax: (206) 757-7700
11                                             Email: laurenrainwater@dwt.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 23