UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC., *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>DZMITRY KITSENKA, *et al.*,<br><br>                Defendants. | Case No. C22-1574-RSL-MLP<br><br>ORDER |

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Amazon.com, Inc., Amazon.com Services LLC, and The Gillette Company LLC ("Gillette") (collectively, "Plaintiffs") *Ex Parte* Motion for Expedited Discovery ("Plaintiffs' Motion").[1] (Pls.' Mot. (dkt. # 23).) Having considered Plaintiffs' submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiffs' Motion.

## II. BACKGROUND

On November 4, 2022, Plaintiffs filed this action against Dzmitry Kitsenka, Maryia Kitsenka, "individual[s] or entit[ies] doing business as" eight different Amazon Selling

---

[1] Plaintiffs have also filed a motion for overlength brief (dkt. # 21), which is hereby GRANTED.

ORDER - 1

1 Accounts, and "Does 1-10," alleging they sold counterfeit Gillette products through the Amazon

2 Selling Accounts. (Compl. (dkt. # 1).) On February 24, 2023, the Clerk entered default against

3 Dzmitry Kitsenka and Maryia Kitsenka. (Dkt. # 19.)

4     Plaintiffs have made extensive efforts to uncover the identities and locations of the

5 remaining defendants ("Defendants"), including working with private investigators, investigating

6 the information Defendants provided when opening their Amazon Selling Accounts, and

7 searching public records. (Rainwater Decl. (dkt. # 25) at ¶ 4.) These efforts led to the

8 identification of Dzmitry Kitsenka and Maryia Kitsenka and evidence that they operated with

9 "persons overseas who used falsified documents and information in connection with their Selling

10 Accounts[,]" but did not uncover the identities of the remaining Defendants. (*Id.* at ¶¶ 4-5.)

11     Plaintiffs discovered that "individuals or entities responsible for all eight Selling

12 Accounts" used virtual bank accounts provided by Payoneer Inc. ("Payoneer") to transfer funds

13 to and from their Amazon Selling Accounts. (Haskel Decl. (dkt. # 24) at ¶ 15.) Seven of the eight

14 used email addresses provided by Google LLC ("Google"). (*Id.* at ¶ 16.)

15     Based on these findings, Plaintiffs move for leave to serve third-party subpoenas under

16 Federal Rule of Civil Procedure 45, prior to the Rule 26(f) conference, on Payoneer and Google.

17 (Pls.' Mot. at 7.) They expect that Payoneer's records will reveal names and locations of the

18 bank account holders, and Google's records may reveal names and contact information as well as

19 IP addresses to determine Defendants' locations. (Rainwater Decl. at ¶¶ 10-11.)

20                             **III.    DISCUSSION**

21     **A.    Legal Standard**

22     Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any

23 source before the parties have conferred as required by Rule 26(f), except in a proceeding

ORDER - 2

exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving party are the focus of the inquiry into good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B.   Good Cause for Expedited Discovery

The Court notes that Defendants appear to have actively misled the Plaintiff Amazon entities as to their identities. The Court finds that Defendants should not be afforded the benefit of anonymity in furtherance of their alleged counterfeiting scheme. Plaintiffs have shown diligence in utilizing available means to investigate Defendants' identities and locations.

Having considered the balance of factors, the Court concludes that Plaintiffs' intent in seeking expedited discovery justifies their request. Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served. *See, e.g., Music Grp. Macao Com. Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1-2 (W.D. Wash. July 18, 2014) (granting expedited discovery from Twitter, Inc. sufficient to

ORDER - 3

identify Doe defendants); *Digital Sin, Inc. v. Does 1–5698*, 2011 WL 5362068, at *1-2 (N.D. Cal. 2011) (allowing early discovery from internet service providers to identify Doe defendants); *see also Cottrell v. Unknown Corr. Officers, 1-10*, 230 F.3d 1366, *1 (9th Cir. 2000) (explaining that "[t]he Federal Rules of Civil Procedure do not require that a district court dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint."). "Where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (cleaned up) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

      Here, Plaintiffs seek expedited discovery to ascertain sufficient identifying information about Defendants to effect service. Good cause exists where a plaintiff has exhausted its means to identify the defendant through publicly available information and has no other way to identify the bad actors involved in the scheme. *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. 2011) ("Courts in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also Semitool*, 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward"). Having reviewed Plaintiffs' declarations, it appears they have exhausted available means to trace specific names and addresses to the various Amazon Selling Accounts. (*See* Rainwater Decl. at ¶¶ 4-5; Haskel Decl. at ¶¶ 8-12.)

ORDER - 4

Consequently, Plaintiffs have demonstrated that without expedited discovery, they will not be able to identify the individuals behind the accounts.

Furthermore, the Court finds good cause for expedited discovery given Plaintiffs' claims that irreparable harm will result through Defendants' continued use of their trademarks, unfair competition, and false advertising (Compl. at ¶¶ 63, 71, 78). *See Music Grp. Macao*, 2014 WL 11010724 at *2 (finding good cause where plaintiffs alleged irreparable harm through infringement and unfair competition); *see also Qwest Commc'n Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Co. 2003) ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."). For these reasons, Plaintiffs' intent in seeking expedited discovery supports a finding of good cause.

Finally, the Court finds minimal prejudice to Defendants if Plaintiffs are granted leave to conduct expedited discovery. Plaintiffs' discovery request is narrowly tailored to seek information only from those Payoneer bank accounts and Google email accounts associated with the Amazon Selling Accounts for the purpose of identifying the individuals connected to those accounts. (*See* Pls.' Mot. at 11.) Furthermore, Plaintiffs have requested discovery directed at non-parties—not the Defendants—which courts recognize as "not imposing a significant burden upon defendants." *Yong*, 2021 WL 1237863 at *3.

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion (dkt. # 23). Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on Payoneer Inc. and Google LLC for the purpose of obtaining information that may reveal Defendants' identities and locations. Plaintiffs shall provide a copy of this Order with each subpoena issued pursuant thereto.

ORDER - 5

Dated this 22nd day of May, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6